HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEIA BLANCHARD,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>    Defendants. | CASE NO. C12-5438 RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[Dkt. #20] |

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment [Dkt. #20]. Plaintiff Blanchard has two children. In January 2009, CPS received reports from Blanchard's children's school that Blanchard was beating them. On January 27, 2009, the children (R.H. and K.H.) were removed from Blanchard's custody. In March 2012, Blanchard sued, claiming that DSHS and CPS personnel (social workers) violated her constitutional rights in removing the children. Her Complaint also asserts state law slander, defamation and libel claims.

Defendants timely removed the case to this court. They now seek summary judgment on all of Blanchard's claims against them. They argue that State of Washington is immune from

1 | suit under the Eleventh Amendment and that the individual social worker defendants are entitled
2 | to absolute-, witness-, and qualified-immunity.  They also argue that Blanchard's state law
3 | claims are time barred[1].  The Motion was properly noted for November 15, and Plaintiffs'
4 | Response was due not later than November 12.  Plaintiff has not responded in any way to the
5 | motion.
6 |      Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion,
7 | such  failure may be considered by the court as an admission that the motion has merit."
8 |      The Defendants Motion is meritorious on its face, and Plaintiff has not met her summary
9 | judgment burden.  The Defendants are entitled to immunity and the claims are time barred.  The
10 | Motion for summary Judgment is GRANTED and all of Plaintiff Blanchard's claims are
11 | DISMISSED with prejudice.
12 |      IT IS SO ORDERED.
13 |      Dated this 12th day of December, 2013.

                                            RONALD B. LEIGHTON
                                            UNITED STATES DISTRICT JUDGE

---

[1] Defendants' Motion is based on the two year limitations period applicable to such state law claims.  The Plaintiffs' Complaint was not filed until more than three years after the children were removed.

In this district, §1983 claims are subject to Wash. Rev. Code § 4.16.080(2)'s three-year limitations period.  *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).  A claim accrues when "the plaintiff knows or has reason to know of the injury." *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 2008).  It seems clear that at least some of Plaintiffs' constitutional claims are also time barred.